In re Louis Allen **SANDERS**, f/d/b/a **L & M Trucking, Debtor.**

Louis Allen **SANDERS**, f/d/b/a **L & M Trucking, Plaintiff,**

v.

Joseph O. **COOPER**, Jr., d/b/a **Diesel & Equipment Service, Defendant.**

**Bankruptcy No. 86–01423.**
**Complaint No. 86–0320.**

United States Bankruptcy Court,
D. South Carolina.

April 5, 1987.

Elizabeth M. Atkins, Drose & Rhoades, North Charleston, S.C., for plaintiff.

F. Truett Nettles, II, Charleston, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiff (the debtor in the case) seeks the turnover of a 1977 GMC truck and title to two pickup trucks, one a 1975 Ford and the other a 1977 Chevrolet. The defendant, opposing the relief requested, alleges that he has a judgment lien on the 1977 GMC truck in the amount of $16,-430.44, in addition to a perfected statutory lien on the same truck.

On October 28, 1986, the plaintiff filed a complaint in which he asked the court to void the defendant's judgment lien on the ground that it is a voidable preference. At the trial, the defendant conceded that the judgment lien is voidable as a preference under 11 U.S.C. § 547.

### FACTS

The plaintiff filed a Chapter 13 petition for relief on May 2, 1986.

The plaintiff's Chapter 13 plan was confirmed on December 18, 1986. It provided for full payment of the defendant's claim of $16,430.44 as unsecured.

The defendant retained possession of the 1977 GMC truck after performing repairs thereon.

The defendant sent a written notice to plaintiff on or about November 9, 1985, setting forth the amount owed for the repairs performed and seeking storage charges of $905. which accrued from November 9, 1985 through May 2, 1986, at $5. per day.

The defendant has a secured claim in the amount of $4,684. by virtue of a perfected statutory repairman's lien of $3,779. and a perfected statutory storage lien of $905—both liens being afforded by South Carolina Code § 29–15–10 (1976).[1]

The value of the 1977 GMC truck, exceeding the amount of the perfected lien, affords the plaintiff equity in the vehicle.

The defendant has possession of title to a 1975 Ford pickup truck and a 1977 Chevro-

---

1. S.C.Code § 29–15–10. Lien for repairs or storage. It shall be lawful for any proprietor, owner or operator of any storage place, garage or repair shop of whatever kind or repairman who shall make repairs upon any article under contract or furnish any material for such repairs in this state, when property may be left at his shop for repair or storage, and after the completion of such repairs or the expiration of the storage contract, the article having been continuously retained in his possession, to have such property sold at public outcry to the highest bidder upon the expiration of sixty days after written notice has been given to the owner of the property and to any lienholder with a perfected security interest in the property that such repairs have been completed or storage charges are due and such property shall be sold by any magistrate of the county in which the work was done or the vehicle or thing was stored provided, however, only those storage charges which accrued after the day on which written notice was mailed to any such lienholder shall constitute a lien against the vehicle or property to be sold.

let pickup truck, but has no security interests therein.

The defendant obtained a $16,430.44 judgment lien on the 1977 GMC truck in the Court of Common Pleas for Dorchester County, South Carolina, Case No. 85–CP–78–710, on April 18, 1986.

The plaintiff was insolvent [2] on April 18, 1986, the date on which the defendant obtained his judgment. The defendant admits the existence of all elements of a preferential transfer as set forth in 11 U.S.C. § 547(b).

### ISSUES

Does the defendant have a perfected statutory lien in the 1977 GMC truck pursuant to § 29–15–10, S.C.Code of Laws (1976), and, if so, to what extent?

Is the plaintiff entitled to use the 1977 GMC truck pursuant to 11 U.S.C. § 363?

Is the plaintiff entitled to the 1977 GMC truck pursuant to 11 U.S.C. § 542?

Is the defendant's judgment lien a voidable preference pursuant to 11 U.S.C. § 547?

### DISCUSSION

 The validity and relative priority of liens are generally governed by non-bankruptcy lien law. *Pearlstein v. U.S. Small Business Administration,* 719 F.2d 1169, 1171–1176 (D.C.Cir.1983). Section 29–15–10, S.C.Code of Laws (1976) grants a lien to any repairman who continuously retains the repaired article in his possession after completion of the repairs. After performing repairs of $3,779. on the 1977 GMC truck, the defendant retained continuously possession of the truck from September, 1985; therefore, the defendant has a lien for those repairs pursuant to § 29–15–10, S.C.Code of Laws (1976).

Section 29–15–10 also grants a lien for storage charges after written notice has been provided to the owner of the property.

The defendant provided written notice on November 9, 1985. Storage charges constitute a lien from that date until the date of filing the petition for relief. The storage charges total $905. which, combined with the $3,779. repair charge, gives the defendant a perfected statutory lien of $4,684.

Pursuant to 11 U.S.C. § 542(a), the defendant must turn over the vehicle to the plaintiff if the vehicle has more than inconsequential value or benefit to the estate. The plaintiff needs the vehicle for business purposes. The 1977 GMC truck should, therefore, be turned over to the plaintiff.

The defendant has admitted that the $16,430.44 judgment lien on the 1977 GMC truck, obtained on April 18, 1986, constitutes a voidable preference.

As adequate protection for the lien the plaintiff has offered:

1. Monthly payments of $325. each by the trustee to the defendant. If the payment is delinquent beyond 10 days, the creditor may have immediate possession of the truck upon an affidavit from the creditor's counsel.
2. Maintenance of insurance on the 1977 GMC truck.

### CONCLUSION AND ORDER

1. The defendant has a perfected statutory lien in the 1977 GMC truck in the amount of $4,684.

2. The plaintiff is entitled to use the vehicle.

3. The defendant should turn over the 1977 GMC truck to the plaintiff within ten (10) days of the filing of this order, and should turn over title to the 1975 Ford pickup truck and the 1977 Chevrolet pickup truck within five (5) days of the filing of this order.

4. The judgment obtained by the defendant against the plaintiff on April 18, 1986 should be voided as a preferential transfer and, to the extent not inconsistent

**2.** 11 U.S.C. § 101(31): "insolvent" means—(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title.

with the relief granted regarding the statutory lien of the defendant, the claim of the defendant should be treated as unsecured.

5. In the event any payment is not made by the plaintiff within thirty (30) days of its due date in accordance with the adequate protection proposed by the plaintiff, there may be an automatic modification of the stay afforded by 11 U.S.C. § 362 upon the submission of an affidavit by the defendant stating such default.

AND IT IS SO ORDERED.